**J. B. WILLIAMS CO. v. WILLIAMS.**
Patent Appeal No. 2659.

Court of Customs and Patent Appeals.
March 31, 1931.

Arthur B. Jenkins, of Hartford, Conn. (Hubert Howson, of New York City, and Theodore K. Bryant, of Washington, D. C., of counsel), for appellant.

Clarence A. O'Brien, Charles E. A. Smith, and Thomas E. Turpin, all of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal involves the right of appellee to register a facsimile of his own autographically produced name as a technical trademark under the Trade-Mark Registration Act of 1905 as amended (15 USCA §§ 81–109).

His application is to register "E. W. Williams," in the form of a facsimile produced from his own signature, for use as a mark on a cream, or lotion, to be used after shaving.

Use of the mark is claimed since January 1, 1928.

Opposition is made by appellant, who claims to have been engaged, through itself and predecessors, in the manufacture and distribution of "Williams'" shaving soap since about 1840, and of other lotions or articles used in connection with shaving for many years antedating appellee's entry into the field. Appellant alleges many registrations of the word "Williams," the first being for shaving soap as far back as March 25, 1873.

The last registration cited is one for "After-Shaving Preparations" dated April 10, 1928.

It is stated that, in all, appellant has procured 21 registrations; that two of these embody the full name, "The J. B. Williams Company"; one shows the name of the company in the possessive sense; seven are for the word "Williams" alone as a trade-mark; and that all the "Williams" marks "are applied in the possessive case as a name for the goods." Some of appellant's registrations appear to have been obtained under the "ten-year" provision of the 1905 Act.

The notice of opposition contains the usual allegations as to advertising, large sales, etc., and charges probability of confusion and injury to appellant.

The Examiner of Interferences sustained the opposition. Upon appeal his decision was reversed by the Assistant Commissioner, and the matter is before us upon an appeal from the decision of the latter.

Admittedly, the goods are of the same descriptive properties.

In view of the fact that the respective marks of both parties have the word "Williams" as the clearly dominant and peculiarly noticeable part thereof, we take it there would be little or no hesitation in holding them to be similar, in the sense of the statute, except for two features:

First, the fact that appellee, E. W. Williams, creates his mark as a facsimile of one written with his own hand, thus giving to it a certain distinctiveness, or characteristic, not present in the mark of appellant; and

Second, the fact that it is appellee's own name which he seeks to register.

As for the first there is this to be said:

A proviso of section 5 of the Trade-Mark Registration Act of 1905 (15 USCA § 85) reads, in part:

"  *  *  *  No mark which consists merely in the name of an individual,  *  *  *

not written, \* \* \* in some particular or distinctive manner, \* \* \* shall be registered under the terms of this subdivision of this chapter."

There is also a further proviso, reading:

"That nothing herein shall prevent the registration of a trade-mark otherwise registerable because of its being the name of the applicant or a portion thereof."

The Assistant Commissioner held that in view of the fact that applicant's mark is a facsimile signature it is not deceptively similar to the mark of appellant, stating that a facsimile signature is regarded by the Patent Office as being the writing of an applicant "in some particular and distinctive manner."

The individuality inherent in the handwriting of each person is evidently regarded by the tribunals of the Patent Office as meeting the "particular or distinctive manner" requirement of the first proviso above quoted. Ex parte Mark Cross Co., 1903 C. D. 23, and Ex parte John H. Wilkins Co., 128 MS Dec. 409, are cited.

Under the view which we take of this case it is not necessary here to pass upon the soundness of this position of the Patent Office tribunals. We incline to the opinion that it is correct and that the autographic forming of a name overcomes the general negation of the quoted proviso. But in cases like this we must look beyond that immediate question, and hence do not pass upon it here, as a matter standing alone.

■ The statute must be considered as a whole, and all parts of section 5 (15 USCA § 85) must be so construed together as to give them their proper force and effect.

We must therefore consider the provisos, already quoted, supra, not only in connection with each other, but in connection with that language of the section which relates to the resemblance of the marks. The text necessary for consideration here is accurately arranged in the Assistant Commissioner's decision and we take it therefrom:

"That trade-marks \* \* \* which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered: Provided, That no mark which consists merely in the name of an individual \* \* \* not written \* \* \* in some particular or distinctive manner \* \* \* shall be registered under the terms of this Act: \* \* \* Provided further, That nothing herein shall prevent the registration of a trade-mark otherwise registerable because of its being the name of the applicant or a portion thereof."

We do not think it can properly be held that the mere differentiation in the appearance of a name wrought by individual characteristics of handwriting can eliminate the confusion likely to arise by applying that written name, or a facsimile thereof, to goods of the same descriptive properties as those of another person to which the same name has been or is being applied.

The first proviso quoted, supra, is, of course, not limited to an applicant's own name. Any individual's name written in "some particular or distinctive manner" may be registered unless forbidden by other provisions of the law.

It is the last-quoted proviso which deals specifically with the registration of an applicant's name, and that proviso contains the significant words, "otherwise registerable."

Obviously, these words imply that Congress did not intend to permit a person to register his own name under any and all circumstances.

■ We really assume that in order to register it under the general provisions of the act of 1905 (not taking the "ten year" clause into account) it must be "written, printed, impressed, or woven in some particular or distinctive manner. \* \* \*" Whether this be true or not, we feel certain that it must not so nearly resemble a registered or known trade-mark, owned or used by another, as to cause confusion when applied to goods of the same descriptive properties.

No question is here made as to the validity of appellant's mark.

In considering cases like this we must bear in mind the legal distinction between the common-law right of a person to use his own name in his own business and the statutory right to register it as a technical trade-mark.

Even the common-law right of use has limitations, as the courts have frequently declared.

A person may not use his own name in a manner which will deprive another of the same name of the goodwill of a business which the latter has established. Rogers v. Rogers (D. C.) 11 F. 495.

Many authorities might be cited upon this point, but it is deemed unnecessary unduly to lengthen this opinion by so doing.

It seems to us that where one elects to make a technical trade mark use of his own name, that name, for that purpose, becomes dissevered, as it were, from its owner's personality, and when he seeks to register it under a statutory enactment, it must be tested by precisely the same rules and principles which apply to all other technical trade marks.

The goods of appellant and appellee being of the same descriptive properties and their marks of such close resemblance, appellant, as the prior user, has the right to oppose appellee's registration, and since we are sure confusion must inevitably result from appellee's use of his mark, its registration must be denied.

The decision of the Assistant Commissioner is reversed.

Reversed.